

Signed and Filed July 31, 2015

William J. Lafferty, III
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In re

N&H Investments LLC,

      Debtor.

Hung Nguyen,
N&H Investments, LLC,

      Plaintiffs,

v.

John Richard Till, et al.,

      Defendants.

No. 15-51552

Chapter 11

Adv. Pro. No. 15-05050

## RECOMMENDATION OF BANKRUPTCY JUDGE
## REGARDING MOTIONS TO WITHDRAW THE REFERENCE

TO: THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

    N&H Investments, LLC, the debtor and debtor-in-possession ("N&H Investments" or the "Debtor") in that certain chapter 11 bankruptcy case styled *In re N&H Investments, LLC*, Bankr. Case No. 15-51552 (the "Chapter 11 Case"), currently pending in this court, and a party in those certain adversary proceedings styled *Hung Nguyen et al. v. John Till*

1

*et al.*, Adv. Pro. No. 15-05050, and *Mimi Nguyen et al. v. Hung Nguyen et al.*, Adv. Case No. 15-05058 (collectively, the "Adversary Proceedings"), which are also currently pending before this court, has filed a motion in each of the Adversary Proceedings asking the district court to withdraw the reference from the bankruptcy court on those matters (the "Motions to Withdraw Reference"). The Motions to Withdraw Reference are purportedly based upon the language in 28 U.S.C. Section 157(d) that mandates withdrawal of the reference of any proceeding that requires "consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce"— here, the Resource Conservation and Recovery Act of 1976 (RCRA) 42 U.S.C. Section 82 et seq.

I file this Report and Recommendation with respect to the Motions to Withdraw Reference pursuant to Bankruptcy Local Rule 5011-2(b)[1], and recommend that in the interests of judicial economy the district court delay any hearing or ruling on the Motions to Withdraw Reference, pending my determination of a motion to dismiss the Chapter 11 Case.[2]

---

[1] "A Bankruptcy Judge may, on the Judge's own motion, upon the filing of a motion under subparagraph (a) of this rule, recommend to the District Court whether the case or proceeding should be withdrawn under 28 U.S.C. § 157(d). Such a recommendation shall be served on the parties to the case or proceeding and forwarded to the Clerk of the District Court." Bankr. Local R. 5011-2(b), N.D. Cal. (effective Mar. 16, 2015).

[2] In the interests of further judicial economy, I limit my recommendation herein to the practical question whether it makes any sense to have the district court consider the Motions to Withdraw Reference while there is a potentially case-dispositive motion on file in the Chapter 11 Case, and do not, for now, address the merits of the Motions to Withdraw Reference, which I believe I would certainly be entitled to do. In the event that I do not dismiss the Chapter 11 Case at the hearing on August 24, I will consider at that time whether I should file an additional Report and Recommendation addressing the merits of the Motions to Withdraw. In any event, based upon hearings that I have conducted in the Chapter 11 Case to this point, I believe that the Motions to Withdraw Reference would almost certainly be contested by Green Valley Corporation, a party to the Adversary Proceedings.

Case: 15-05050    Doc# 29    Filed: 07/31/15    Entered: 08/03/15 10:53:51    Page 2 of 6

As background, the Chapter 11 Case was filed on May 6, 2015, and appears to be the third chapter 11 case filed by N&H Investments within the past three years. Both prior cases were dismissed prior to the Debtor even proposing, let alone confirming, a plan of reorganization or liquidation.[3]

The Chapter 11 Case and the Adversary Proceedings, which had been removed to this court from the Santa Clara County Superior Court via Notices of Removal filed by the Debtor on May 21, 2015 pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 9027, were assigned originally to the Honorable Arthur S. Weissbrodt. The Chapter 11 Case and the Adversary Proceedings were reassigned to me via administrative notices issued by the Clerk's Office on July 1, 2015, as part of a comprehensive plan to facilitate Judge Weissbrodt's retirement, and to insure the continued expeditious treatment of cases and proceedings that had been assigned to him. As of the date of the reassignment, several matters had been set for hearing in the Chapter 11 Case and the Adversary Proceedings, involving the Debtor and Green Valley Corporation ("Green Valley"), a party to the Adversary Proceedings, and the principal party in interest in N&H Investments' Chapter 11 Case. I re-set the hearings on these matters to July 28, 2015, per an Order entered July 2. N&H Investments filed its Motions to Withdraw Reference on July 9, 2015.

In reviewing the pleadings on the docket in the Chapter 11 Case and the Adversary Proceedings, I noted that there appeared to be substantial disagreement between the Debtor and Green Valley as to what matters were actually on for hearing on July 28 in light of the

---

[3] The Debtor's first chapter 11 case was filed on October 29, 2012, and dismissed on June 24, 2013, for failure to file plan and disclosure statement by court imposed deadline. *See In re* N&H Investments LLC, Bankr. No. 12-57774, ECF No. 38, 40 (Bankr. N.D. Cal. June 24, 2013). The Debtor's second chapter 11 case was filed on October 8, 2013, and dismissed on April 24, 2014, for failure to file monthly operating reports. *See In re* N&H Investments LLC, Bankr. No. 13-55330, ECF No. 45, 49 (Bankr. N.D. Cal. Apr. 24, 2014). The dismissal of this case was not opposed by the Debtor. *Id.* at ECF No. 48.

pending Motions to Withdraw Reference. Accordingly, I convened a telephonic status conference on Tuesday, July 21, at which counsel for the Debtor and counsel for Green Valley each appeared, to discuss the status of various matters in the Chapter 11 Case and the Adversary Proceedings. During the status conference, I noted that Green Valley had filed a Motion for Relief from Stay in the Chapter 11 Case, document number 16, under Section 362(d)(1) for "cause", based on N&H Investments' alleged bad faith filing of the Chapter 11 Case. I suggested to the parties that the issue whether the Chapter 11 Case had been filed in bad faith, and should be dismissed, was a threshold issue that should be determined at the earliest possible opportunity in the case. Green Valley duly filed a Motion to Dismiss Chapter 11 Case on July 22, 2015, and that motion is set for hearing before me on August 24, 2015.

I believe that under the circumstances it would be most appropriate for the district court to delay either a hearing or a determination of the Motions to Withdraw Reference, pending my determination of the Motion to Dismiss Case on August 24.

Should I decide to dismiss the Chapter 11 Case, which is a distinct possibility based upon my initial review of the Motion for Relief from Stay and the Motion to Dismiss, I believe that there would be little basis, if any, for this court or the district court to continue to exercise jurisdiction over the Adversary Proceedings. The Adversary Proceedings originated as state court actions, and are in this court solely as the result of their removal from state court pursuant to FRBP 9027; the only basis for federal court jurisdiction over the Adversary Proceedings appears to be the alleged relationship between those matters and a pending chapter 11 case.

Case: 15-05050    Doc# 29    Filed: 07/31/15    Entered: 08/03/15 10:53:51    Page 4 of 6

While it would not be impossible for this court or the district court to continue to exercise jurisdiction over the Adversary Proceedings if the Chapter 11 Case were dismissed, (*See Porges v. Gruntal & Company* (*In re Porges*), 44 F.3d 159, 162 (2d Cir. 1995), it is clear that the dismissal of the underlying Chapter 11 Case would present a far different landscape on which to determine whether to continue to exercise jurisdiction over the Adversary Proceedings, and that Motions to Withdraw the Reference should be considered in light of the materially different jurisdictional and practical considerations that would pertain, were the underlying case dismissed. *See Linkway Investment Company v. Olsen* (*In re Casamont Investors*), 196 B.R. 517, 525 (B.A.P. 9th Cir. 1996) (finding bankruptcy courts should only retain jurisdiction over related proceedings after dismissal of the underlying bankruptcy case "when judicial economy, fairness, convenience and comity favor retention"). *See also In re Lear Corp.*, 418 B.R. 47, 48 (Bankr. S.D.N.Y. 2009) (finding dismissal of adversary proceeding moots pending motion to withdraw reference).

If I do not grant the Motion to Dismiss Case, then the parties can complete the briefing on the Motions to Withdraw Reference, this court can file an additional merits-based Report and Recommendation, and the district court can dispose of the Motions to Withdraw Reference as it deems appropriate.

Accordingly, I recommend that the district court delay any hearings on or determinations of the Motions to Withdraw Reference currently before it with respect to the Adversary Proceedings pending my decision on the Motion to Dismiss Case set for hearing August 24, 2015.

*END OF RECOMMENDATION*

Case: 15-05050   Doc# 29   Filed: 07/31/15   Entered: 08/03/15 10:53:51   Page 5 of 6

**COURT SERVICE LIST**

All Parties